METASAP CHEMICAL CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

NATIONAL OIL PRODUCTS CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 13569, 13570. Promulgated July 19, 1928.

*Noah Bass, C. P. A.*, for the petitioners.
*Maxwell E. McDowell, Esq.*, for the respondent.

OPINION.

ARUNDELL: It appears from the deficiency letter attached to the petition filed herein by the Products Company, that no deficiency has been found against that corporation for the year 1921. The petition of the Products Company is accordingly dismissed in so far as it relates to the year 1921.

Whether the petitioners are affiliated, and, therefore, entitled to file consolidated returns, within the meaning of section 240(b) of the Revenue Act of 1918 and the corresponding provision of the 1921 Act, is a question of fact to be decided from all the facts and circumstances. *Pelican Ice Co.*, 11 B. T. A. 75, and other cases cited therein on the same point.

In the instant case we find that prior to January 27, 1920, the four stockholders of the Products Company owned 80 per cent of the capital stock of the Chemical Company. On January 27, 1920, the petitioners purchased the stock held by A. Phillips, and did not subsequently reissue it. On and after that date, the three remaining stockholders of the Products Company held 75 per cent of the outstanding stock of the Chemical Company. The balance of the stock was held by Wadman.

The stockholders of the Products Company organized the Chemical Company in order to retain the services of Wadman; to give him a

working interest in the business, and thereby give effect to an understanding Wadman had with the Products Company, by the terms of which he was to receive 20 per cent of the profits of the chemical department, and to operate the chemical branch of the corporation's business. Our findings of fact clearly show the close business relationship existing between the petitioners. The Products Company operated the Chemical Company as the chemical branch or department of its business and the two corporations were otherwise conducted as one business unit.

Wadman was an employee of the Products Company and never took any part in the management of either corporation. The record shows that he merely regarded his stock as evidence of a legal right to receive a percentage of the profits of the chemical producing branch of the business unit. We are satisfied that the three owners of all the stock of the Products Company and 75 per cent of the stock of the Chemical Company, also controlled the stock held by Wadman in the latter corporation.

We have heretofore held that, " The object sought to be accomplished by Congress, in enacting section 240 of the Revenue Act of 1918, was to tax as a business unit what really was a business unit." *Isse Koch & Co.*, 1 B. T. A. 624.

We are convinced from a careful consideration of all the facts that the petitioners were affiliated during the years 1920 and 1921.

*Judgment will be entered under Rule 50.*